NicholsoN, C. J.,
delivered the opinion of the Court.
James H. Vaughn, as executor of John C. Bridge-water, sued Elizabeth Smith before a Justice of the Peace of Smith county, on an account for goods sold to her in 1860, and down to August, 1861. The suit commenced in May, 1867. The Justice gave judgment against the defendant for $8, whereupon she appealed to the Circuit Court. Upon the trial in the Circuit Court, the plaintiff offered to prove the account of his testator, by swearing according to the book debt law. This was objected to, because it appeared on the face of the account that more than two years had elapsed since the goods were delivered. The objection was sustained, and the evidence rejected. The plaintiff having no other evidence, under the ruling of the Court, the jury found for the defendant, on which judgment was given. From *650 this judgment the plaintiff appeals in error to this Court.
The question for determination in this case, is, whether the Act of 1865, c. 10, s. 1, saves the bar of two years, within which plaintiffs, under section 3781 of the Code, are allowed to prove their book debt accounts by their own. oaths. By that section, plaintiffs may prove “the sale and delivery of articles not .exceeding seventy-five dollars in value, which were delivered within two years before the action brought.” This was an exception to the general law, which excluded parties from being witnesses in their own cases. But the limitation of two years from the date of the sale of the goods was annexed to the exercise of this right. It was not only an act prescribing the character of evidence by which accounts for goods, wares and merchandise sold, could be proven and recovered, but it was an act of limitation prescribing the time in which suits must be brought on such accounts, in order that the same might be established by such evidence.
By the Act of 1865, c. 10, s. 1, it is provided that “no statute of limitations shall be held to operate from and after the 6th of May, 1861, to the 1st day of January, 1867; and from the latter date the statutes of limitations shall commence their operation, according to existing laws.” Then follows this additional provision: “And the time between the 6th day of May, 1861, and the 1st day of January, 1867, shall not be computed; nor shall any writ of error be refused or barred in any suit decided since the '6th day of May, 1861, or within one year immediately prior to that date, by reason of *651 lapse of time.” The suspension of the operation of all statutes of limitations from the 6th of May, 1861, to the 1st of January, 1867, is clearly and unequivocally expressed in the first clause of the section. Language could not make the intention of the Legislature more distinct and apparent than that used; yet this clause is followed by another, which either means to express identically the same intention, or it was intended to add to the breadth of the first clause: “And the time between the 6th day of May, 1861, and the 1st day of January, 1867, shall not be computed.” How, shall not be computed? In fixing the operation of the statutes of limitation? The previous clause had fixed the operation of the statutes of limitations between the two periods named, as clearly as language could do it. Then why repeat exactly the same idea ifi other language, unless it was intended to include by the broader language the purpose of preventing the computation of the time between the two periods named, in other statutes as well as the statutes of limitation ? It is our duty to give full force to the language employed by the Legislature, for the purpose of effectuating the object intended to be accomplished. A civil war had prevailed for four years, during which the rights of persons and the titles to property might be seriously affected by the lapse of the time during which rights could not be asserted nor titles protected by a resort to the courts of justice. To prevent these consequences, it was wisely provided that no statute of limitations should operate from the beginning of the war until law and order should be fully restored, which it was assumed would occur by the 1st of January, 1867 • *652 but, for fear that the mere suspension of the operation of the statutes of limitation might not prevent all the evil consequences of the lapse of time, it was further provided that the time from May 6th, 1861, to January 1st, 1867, should not be computed; meaning that this lapse of time should not be so computed as to affect such rights or titles as might not be protected and secured by providing for the suspension of the statutes of limitations.
The case now before us falls directly within the spirit and reason of the language employed in this section. The goods sued for were delivered in August, 1861. By the law as it then stood, the plaintiff had a right, at any time within two years, to establish the account by the book of his testator. But when the war closed, and the courts were re-opened, the two years had expired, and the right to use the book as evidence was lost, unless ic was saved by this act. We think it was so saved, and that the Legislature employed the language quoted above for the purpose of preventing the loss of rights in such cases, not falling technically under any of the statutes of limitation.
The Circuit Judge erred in rejecting the evidence. The judgment is reversed, and the cause remanded for a new trial.